UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: TOPICAL CORTICOSTEROID ANTITRUST LITIGATION | : : : : : | 16mc7000<br><br>AMENDED<br>MASTER CASE ORDER No. 1 |
| IN RE: CLOBETASOL ANTITRUST LITIGATION | : : : | 16mc7229 |
| IN RE: DESONIDE ANTITRUST LITIGATION | : : : | 16mc7987 |
| IN RE: FLUOCINONIDE ANTITRUST LITIGATION | : : : | 16mc8911 |
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>FOUGERA PHARMACEUTICALS, INC., *et al.*,<br><br>Defendants. | : : : : : : : : : : | 16cv7229 |
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>FOUGERA PHARMACEUTICALS, INC., *et al.*,<br><br>Defendants. | : : : : : : : : : : : | 16cv7979 |

SERGEANTS BENEVOLENT ASSOCIATION
HEALTH & WELFARE FUND, on behalf of
itself and all others similarly situated,

               Plaintiff,

               -against-

FOUGERA PHARMACEUTICALS, INC., *et al.*,

               Defendants.

: 16cv7987

---

NECA-IBEW WELFARE TRUST FUND, on
behalf of itself and all others similarly situated,

               Plaintiff,

               -against-

AKORN, INC., *et al.*,

               Defendants.

: 16cv8109

---

PLUMBERS & PIPEFITTERS LOCAL 178
HEALTH & WELFARE TRUST FUND, on
behalf of itself and all others similarly situated,

               Plaintiff,

               -against-

FOUGERA PHARMACEUTICALS, INC., *et al.*,

               Defendants.

: 16cv8374

---

A.F. OF L. – A.G.C. BUILDING TRADES
WELFARE PLAN, on behalf of itself and all
others similarly situated,

               Plaintiff,

               -against-

AKORN, INC., *et al.*,

               Defendants.

: 16cv8469

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 30 BENEFITS FUND, on
behalf of itself and all others similarly situated,

        Plaintiff,

        -against-

FOUGERA PHARMACEUTICALS, INC., *et al.*,

        Defendants.

:   16cv8539

---

SERGEANTS BENEVOLENT ASSOCIATION
HEALTH & WELFARE FUND, on behalf of
itself and all others similarly situated,

        Plaintiff,

        -against-

TARO PHARMACEUTICAL INDUSTRIES,
LTD., *et al.*,

        Defendants.

:   16cv8911

---

UFCW LOCAL 1500 WELFARE FUND, on
behalf of itself and all others similarly situated,

        Plaintiff,

        -against-

AKORN, INC., *et al.*,

        Defendants.

:   16cv9392

---

UFCW LOCAL 1500 WELFARE FUND, on
behalf of itself and all others similarly situated,

        Plaintiff,

        -against-

ACTAVIS HOLDCO U.S., INC., *et al.*,

        Defendants.

:   16cv9431

---

ST. PAUL ELECTRICAL WORKERS'
HEALTH PLAN, on behalf of itself and all others
similarly situated,

       Plaintiff,

       -against-

FOUGERA PHARMACEUTICALS, INC., *et al.*,

       Defendants.

16cv9530

PLUMBERS & PIPEFITTERS LOCAL 178
HEALTH & WELFARE TRUST FUND, on
behalf of itself and all others similarly situated,

       Plaintiff,

       -against-

TEVA PHARMACEUTICALS USA INC., *et al.*,

       Defendants.

16cv9659

UFCW LOCAL 1500 WELFARE FUND, on
behalf of itself and all others similarly situated,

       Plaintiff,

       -against-

ACTAVIS HOLDCO U.S., INC., *et al.*,

       Defendants.

16cv9792

FWK HOLDINGS, L.L.C., on behalf of itself and
all others similarly situated,

       Plaintiff,

       -against-

FOUGERA PHARMACEUTICALS, INC., *et al.*,

       Defendants.

16cv9897

FWK HOLDINGS, L.L.C., on behalf of itself and
all others similarly situated,

    Plaintiff,         16cv9898

   -against-

FOUGERA PHARMACEUTICALS, INC., *et al.*,

    Defendants.

---

FWK HOLDINGS, L.L.C., on behalf of itself and
all others similarly situated,

    Plaintiff,         16cv9899

   -against-

FOUGERA PHARMACEUTICALS, INC., *et al.*,

    Defendants.

---

CÉSAR CASTILLO, INC., individually and on
behalf of all those similarly situated,

    Plaintiff,         16cv9956

   -against-

FOUGERA PHARMACEUTICALS, INC., *et al.*,

    Defendants.

---

CÉSAR CASTILLO, INC., individually and on
behalf of all those similarly situated,

    Plaintiff,         16cv10063

   -against-

FOUGERA PHARMACEUTICALS, INC., *et al.*,

    Defendants.

---

CÉSAR CASTILLO, INC., individually and on
behalf of all those similarly situated,

                Plaintiff,

         -against-

ACTAVIS HOLDCO U.S., INC., *et al.*,

              Defendants.

17cv250

WILLIAM H. PAULEY III, District Judge:

On December 15, 2016, this Court conducted an initial case management conference with counsel in eleven pending antitrust actions relating to Clobetasol, Desonide, and Fluocinonide. Since that conference, eight additional actions have been filed: Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Fougera Pharmaceuticals, Inc., et al., 16-cv-9659 (Fluocinonide) (End Payor); UFCW Local 1500 Welfare Fund v. Actavis Holdco U.S., Inc., et al., (Clobetasol) (End Payor), 16-cv-9792; FWK Holdings, L.L.C. v. Fougera Pharmaceuticals, Inc., et al., 16-cv-9897 (Clobetasol) (Direct Purchaser); FWK Holdings, L.L.C. v. Fougera Pharmaceuticals, Inc., et al., 16-cv-9898 (Desonide) (Direct Purchaser); FWK Holdings, L.L.C. v. Fougera Pharmaceuticals, Inc., et al., 16-cv-9899 (Fluocinonide) (Direct Purchaser); Cesar Castillo, Inc. v. Fougera Pharmaceuticals, Inc., et al., 16-cv-9956 (Fluocinonide) (Direct Purchaser); Cesar Castillo, Inc. v. Fougera Pharmaceuticals, Inc., et al., 16-cv-10063 (Clobetasol) (Direct Purchaser); and Cesar Castillo, Inc. v. Actavis Holdco U.S., Inc., et al., 17-cv-250 (Desonide) (Direct Purchaser). To promote judicial economy and ensure efficient and cost-effective litigation, this Court organizes the claims in all related actions as follows:

1.    The Clerk of Court is directed to open a master case docket titled In re Topical Corticosteroid Antitrust Litigation, bearing docket number 16-mc-7000, and file a copy of this Order on the docket. Any filing fees associated with opening the master case docket are waived. No attorney may file any document on the master case docket without the prior permission of this Court.

2.    All Clobetasol allegations and claims for relief in the above-captioned End Payor actions, and any allegations or claims for relief relating to Clobetasol in any later-filed End Payor actions, shall be consolidated for coordinated pre-trial proceedings pursuant to Rule 42(a) of the

Federal Rules of Civil Procedure, and separately all Clobetasol allegations and claims for relief in the above-captioned Direct Purchaser actions, and any allegations or claims for relief relating to Clobetasol in any later-filed Direct Purchaser actions, shall be consolidated for coordinated pre-trial proceedings pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, both in a single action titled In re Clobetasol Antitrust Litigation, bearing docket number 16-mc-7229. Separate consolidated amended complaints shall be filed on behalf of End Payor Plaintiffs and Direct Purchaser Plaintiffs as described in paragraph 23, *infra*. The Clobetasol End Payor actions and the Clobetasol Direct Purchaser actions shall be coordinated for discovery. Any filing fees associated with opening the In re Clobetasol Antitrust Litigation docket are waived.

3.    Every pleading hereafter filed in the Consolidated Clobetasol Action shall bear the following caption:

| | |
|---|---|
| In re Clobetasol Antitrust Litigation | Case No. 16-mc-7229 (WHP) |
| This Document Relates To: | |

4.    When a pleading or filing relates to all of the Consolidated Clobetasol Actions, the label "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. If a pleading or filing does not relate to all actions, a description of the category to which it applies shall appear immediately after the words "This Document Relates To:" in the caption described above (e.g. "All End Payor Actions" or "All Direct Purchaser Actions").

5.      All Desonide allegations and claims for relief in the above-captioned End Payor actions, and any allegations or claims for relief relating to Desonide in any later-filed End Payor actions, shall be consolidated for coordinated pre-trial proceedings pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and separately all Desonide allegations and claims for relief in the above-captioned Direct Purchaser actions, and any allegations or claims for relief relating to Desonide in any later-filed Direct Purchaser actions, shall be consolidated for coordinated pre-trial proceedings pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, both in a single action titled In re Desonide Antitrust Litigation, bearing docket number 16-mc-7987. Separate consolidated amended complaints shall be filed on behalf of End Payor Plaintiffs and Direct Purchaser Plaintiffs as described in paragraph 23, *infra*. The Desonide End Payor actions and the Desonide Direct Purchaser actions shall be coordinated for discovery. Any filing fees associated with opening the In re Desonide Antitrust Litigation docket are waived.

6.      Every pleading hereafter filed in the Consolidated Desonide Action shall bear the following caption:

| | |
|---|---|
| In re Desonide Antitrust Litigation | Case No. 16-mc-7987 (WHP) |
| This Document Relates To: | |

7.      When a pleading or filing relates to all of the Consolidated Desonide Actions, the label "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. If a pleading or filing does not relate to all actions, a description of the

3

category to which it applies shall appear immediately after the words "This Document Relates To:" in the caption described above (e.g. "All End Payor Actions" or "All Direct Purchaser Actions").

8.     All Fluocinonide allegations and claims for relief in the above-captioned End Payor actions, and any allegations or claims for relief relating to Fluocinonide in any later-filed End Payor actions, shall be consolidated for coordinated pre-trial proceedings pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and separately all Fluocinonide allegations and claims for relief in the above-captioned Direct Purchaser actions, and any allegations or claims for relief relating to Fluocinonide in any later-filed Direct Purchaser actions, shall be consolidated for coordinated pre-trial proceedings pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, both in a single action titled In re Fluocinonide Antitrust Litigation, bearing docket number 16-mc-8911. Separate consolidated amended complaints shall be filed on behalf of End Payor Plaintiffs and Direct Purchaser Plaintiffs as described in paragraph 23, *infra*. The Fluocinonide End Payor actions and the Fluocinonide Direct Purchaser actions shall be coordinated for discovery. Any filing fees associated with opening the In re Fluocinonide Antitrust Litigation docket are waived.

9.     Every pleading hereafter filed in the Consolidated Fluocinonide Action shall bear the following caption:

| | |
|---|---|
| In re Fluocinonide Antitrust Litigation | Case No. 16-mc-7987 (WHP) |
| This Document Relates To: | |

10.     When a pleading or filing relates to all of the Consolidated Fluocinonide Actions, the label "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. If a pleading or filing does not relate to all actions, a description of the category to which it applies shall appear immediately after the words "This Document Relates To:" in the caption described above (e.g. "All End Payor Actions" or "All Direct Purchaser Actions").

11.     Each subsequent filing by the parties in 16-mc-7000, 16-mc-7229, 16-mc-7987, or 16-mc-8911, shall indicate whether the filing should be docketed in all related cases or only in specified related cases. Counsel are reminded that filings are to be spread across all related actions only when necessary. Papers filed inappropriately will be stricken from the docket.

12.     <u>Interim Lead Counsel for End Payor Plaintiffs</u>: This Court appoints Girard Gibbs LLP as Interim Lead Counsel for End Payor Plaintiffs in <u>In re Clobetasol Antitrust Litigation</u>, 16-mc-7229, <u>In re Desonide Antitrust Litigation</u>, 16-mc-7987, and <u>In re Fluocinonide Antitrust Litigation</u>, 16-mc-8911. Plaintiffs' Interim Lead Counsel for End Payor Plaintiffs is authorized to receive orders and notices from this Court on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to all parties. Unless otherwise ordered by this Court, Plaintiffs' Interim Lead Counsel for End Payor Plaintiffs may rely on the electronic court filing ("ECF") system to serve parties with orders and notices.

13.     Managing complex litigation is a dynamic process that requires close monitoring by this Court. With that principle in mind, this Court limits its appointment of Girard Gibbs LLP as Interim Lead Counsel for End Payor Plaintiffs to a one-year term. Counsel may apply for renewal by December 22, 2017. This Court will also entertain any competing applications at that time.

14.    Until further order of this Court, the Clerk is directed to note the following

parties, and no others, on the Master Case Docket, In re Topical Corticosteroid Antitrust

Litigation, 16-mc-7000:

    a.  For Plaintiffs

        i.    Sergeants Benevolent Association Health & Welfare Fund

        ii.   United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund

        iii.  NECA-IBEW Welfare Trust Fund

        iv.   Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund

        v.    A.F. of L. – A.G.C. Building Trades Welfare Plan

        vi.   International Union of Op. Eng. Local 30 Benefits Fund

        vii.  UFCW Local 1500 Welfare Fund

        viii. St. Paul Electrical Workers' Health Plan

        ix.   FWK Holdings, L.L.C.

        x.    César Castillo, Inc.

    b.  For Defendants

        i.    Fougera Pharmaceuticals, Inc.

        ii.   Sandoz, Inc.

        iii.  Novartis International AG

        iv.   Novartis AG

        v.    Hi-Tech Pharmacal Co., Inc.

        vi.   Akorn, Inc.

        vii.  Morton Grove Pharmaceuticals, Inc.

        viii. Wockhardt USA LLC

        ix.   Perrigo New York, Inc.

      x.      Perrigo Company plc

      xi.     Taro Pharmaceuticals USA, Inc.

      xii.    Taro Pharmaceuticals Industries Ltd.

      xiii.   Sun Pharmaceutical Industries, Ltd.

      xiv.   Actavis Holdco U.S., Inc.

      xv.    Teva Pharmaceuticals USA, Inc.

      xvi.   Teva Pharmaceutical Industries, Ltd.

15.     Until further order of this Court, the Clerk is directed to note the following parties, and no others, in the action titled <u>In re Clobetasol Antitrust Litigation</u>, 16-mc-7229:

    a.  For Plaintiffs

      i.      Sergeants Benevolent Association Health & Welfare Fund

      ii.     United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund

      iii.    NECA-IBEW Welfare Trust Fund

      iv.    Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund

      v.      A.F. of L. -- A.G.C. Building Trades Welfare Plan

      vi.     International Union of Op. Eng. Local 30 Benefits Fund

      vii.    UFCW Local 1500 Welfare Fund

      viii.   St. Paul Electrical Workers' Health Plan

      ix.     FWK Holdings, L.L.C.

      x.      César Castillo, Inc.

    b.  For Defendants

      i.      Fougera Pharmaceuticals, Inc.

      ii.     Sandoz, Inc.

      iii.    Novartis International AG

       iv.     Novartis AG

       v.      Hi-Tech Pharmacal Co., Inc.

       vi.     Akorn, Inc.

       vii.    Morton Grove Pharmaceuticals, Inc.

       viii.   Wockhardt USA LLC

       ix.     Perrigo Company plc

       x.      Taro Pharmaceuticals USA, Inc.

       xi.     Taro Pharmaceuticals Industries Ltd.

       xii.    Actavis Holdco U.S., Inc.

16.    Until further order of this Court, the Clerk is directed to note the following parties, and no others, in the action titled <u>In re Desonide Antitrust Litigation</u>, 16-mc-7987:

   a.  For Plaintiffs

       i.      Sergeants Benevolent Association Health & Welfare Fund

       ii.     Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund

       iii.    International Union of Op. Eng. Local 30 Benefits Fund

       iv.     UFCW Local 1500 Welfare Fund

       v.      St. Paul Electrical Workers' Health Plan

       vi.     FWK Holdings, L.L.C.

       vii.    César Castillo, Inc.

   b.  For Defendants

       i.      Fougera Pharmaceuticals, Inc.

       ii.     Sandoz, Inc.

       iii.    Novartis International AG

       iv.     Novartis AG

       v.      Hi-Tech Pharmacal Co., Inc.

      vi.      Akorn, Inc.

      vii.     Morton Grove Pharmaceuticals, Inc.

      viii.    Wockhardt USA LLC

      ix.     Perrigo New York, Inc.

      x.      Perrigo Company plc

      xi.     Taro Pharmaceuticals USA, Inc.

      xii.    Taro Pharmaceuticals Industries Ltd.

      xiii.   Actavis Holdco U.S., Inc.

17.    Until further order of this Court, the Clerk is directed to note the following parties, and no others, in the action titled In re Fluocinonide Antitrust Litigation, 16-mc-8911:

a.  For Plaintiffs

      i.      Sergeants Benevolent Association Health & Welfare Fund

      ii.     Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund

      iii.    UFCW Local 1500 Welfare Fund

      iv.    FWK Holdings, L.L.C.

      v.      César Castillo, Inc.

b.  For Defendants

      i.      Fougera Pharmaceuticals, Inc.

      ii.     Sandoz, Inc.

      iii.    Novartis International AG

      iv.    Novartis AG

      v.      Taro Pharmaceuticals USA, Inc.

      vi.     Taro Pharmaceuticals Industries Ltd.

      vii.    Sun Pharmaceutical Industries, Ltd.

      viii.   Actavis Holdco U.S., Inc.

        ix.     Teva Pharmaceuticals USA, Inc.

        x.      Teva Pharmaceutical Industries, Ltd.

18.      Until further order of this Court, the Clerk is directed to note the following appearances for End Payor Plaintiffs, and no others, on the Master Case Docket, In re Topical Corticosteroid Antitrust Litigation:

> Daniel Charles Girard
> Girard Gibbs LLP
> 601 California Street, Suite 1400
> San Francisco, CA 94108

19.      Until further order of this Court, the Clerk is directed to note the following appearances for Direct Purchaser Plaintiffs, and no others, on the Master Case Docket, In re Topical Corticosteroid Antitrust Litigation:

> Robert N. Kaplan
> Kaplan Fox & Kilsheimer LLP
> 850 Third Avenue, 14th Floor
> New York, NY 10022

20.      Until further order of this Court, the Clerk is directed to note the following appearances for Defendants, and no others, on the Master Case Docket, In re Topical Corticosteroid Antitrust Litigation:

    a.  For Fougera Pharmaceuticals, Inc. and Sandoz, Inc.:

> Laura S. Shores
> Kaye Scholer LLP
> 901 Fifteenth St., Suite 1100
> Washington, DC 20005

    b.  For Hi-Tech Pharmacal Co., Inc. and Akorn, Inc.:

> Joseph Serino, Jr.
> Kirkland & Ellis LLP
> 601 Lexington Avenue
> New York, NY 10022

    c.  For Morton Grove Pharmaceuticals, Inc. and Wockhardt USA LLC:

10

> Damon William Suden
> Kelley Drye & Warren, LLP
> 101 Park Avenue
> New York, NY 10178

d.  For Perrigo New York, Inc. and Perrigo Company plc:

> Andrew Samuel Wellin
> Morgan Lewis & Bockius, LLP
> 101 Park Avenue
> New York, NY 10178

e.  For Taro Pharmaceuticals USA, Inc. and Taro Pharmaceuticals Industries Ltd.:

> Lisa Jose Fales
> Venable LLP
> 575 7th Street, NW
> Washington, DC 20004

f.  For Actavis Holdco U.S., Inc. and Teva Pharmaceuticals USA, Inc.:

> Christopher T. Holding
> Goodwin Procter, LLP
> 100 Northern Avenue
> Boston, MA 02210

21.     The named Defendants who have not yet appeared should advise this Court by letter who they wish to designate as counsel for In re Topical Corticosteroid Antitrust Litigation.

22.     Any counsel wishing to appear in In re Clobetasol Antitrust Litigation, In re Desonide Antitrust Litigation, and/or In re Fluocinonide Antitrust Litigation, should file their appearance electronically on the appropriate docket. Each attorney who is not a member of the Bar of this Court but intends to appear as counsel for a Plaintiff or a Defendant shall be deemed admitted pro hac vice to practice before this Court in connection with these coordinate actions on the proper filing and payment of fees as provided by the Local Rules of the Southern District of New York.

23.     Plaintiffs' counsel are directed to file consolidated amended complaints in 16-mc-7229, 16-mc-7987, and 16-mc-8911, by February 10, 2017.

24.     Defendants' Liaison Counsel, Kirkland & Ellis LLP, is directed to interpose an answer or file a letter request for a pre-motion conference addressed to the pleadings in 16-mc-7229, 16-mc-7987, and 16-mc-8911 no later than March 3, 2017.

25.     Plaintiffs' counsel are directed to file any responsive letter no later than March 10, 2017.

26.     Any party wishing to raise other issues with this Court may file a letter no later than March 10, 2017 in 16-mc-7229, 16-mc-7987, or 16-mc-8911.

27.     This Court will conduct a conference concerning any proposed motions to dismiss and any other issues raised by the parties on March 21, 2017 at 11:00 a.m.

28.     Plaintiff Sergeants Benevolent Association Health & Welfare Fund's application for limited discovery is granted. All other discovery applications for limited discovery are denied at this time. Defendant Taro Pharmaceuticals Industries, Ltd. is directed to make an initial limited document production consisting of the September 8, 2016 subpoenas from the Department of Justice, Antitrust Division to Taro Pharmaceuticals Industries, Ltd. and its employees, together with any written responses and related communications between the Department of Justice and Taro Pharmaceuticals Industries, Ltd. by January 26, 2017.

29.     All counsel are directed to familiarize themselves with this Court's Individual Rules of Practice. Those rules may be accessed via http://nysd.uscourts.gov/judge/Pauley.

30.     All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things, which is to

be interpreted broadly to include any physical or electronic material (including metadata) that is or may reasonably be discoverable, or that may assist in identifying discoverable material.

31.    The Clerk of Court is directed to file this Order in 16mc7000, 16mc7229, 16mc7987, 16mc8911 and all related actions. To facilitate the spreading of text by this Court and counsel, the Clerk of Court may treat all of the related actions as consolidated for all purposes and to avoid the need to file a document separately in each case.

Dated: February 3, 2017
       New York, New York

                              SO ORDERED:


                              _____
                              WILLIAM H. PAULEY III
                                   U.S.D.J.