MS with BC and SO comments 3/24/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TOPICAL CORTICOSTEROID ANTITRUST LITIGATION | 16mc7000<br><br>MASTER CASE ORDER No. 7<br>(Discovery Stay Order) |
| IN RE: CLOBETASOL ANTITRUST LITIGATION | 16mc7229 |
| IN RE: DESONIDE ANTITRUST LITIGATION | 16mc7987 |
| IN RE: FLUOCINONIDE ANTITRUST LITIGATION | 16mc8911 |

WILLIAM H. PAULEY III, District Judge:

Defendants move to stay discovery in these actions pending this Court's resolution of their forthcoming motions to dismiss the consolidated amended complaints. Defendants' motion is granted in part and denied in part.

"District Courts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss." In re Currency Conversion Fee Antitrust Litig., No. MDL-1409 (WHP), 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); see Fed. R. Civ. P. 26(c). In determining whether good cause exists, courts consider: (1) whether the motion to dismiss appears to have substantial grounds; (2) the breadth of discovery and its burden on the party seeking the stay; and (3) unfair prejudice to the party opposing the stay. See Guiffre v. Maxwell, No. 15-CV-7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016).

Plaintiffs have agreed to defer depositions until further order of this Court. The remainder of the discovery currently at issue relates to Plaintiffs' First Set of Requests for Production of Documents, which was served on all Defendants on January 16, 2017. While

some of the document requests are broad, they appear to seek discovery of non-privileged matter relevant to the parties' claims. Defendants declined to meet and confer with Plaintiffs to narrow the document requests, presumably because that might undermine their argument on this motion that the discovery was burdensome.

A briefing schedule has been established for the motions to dismiss. Defendants' principal argument applicable to both the Direct Purchaser Plaintiffs and the End Payor Plaintiffs challenges the sufficiency of the allegations of the Complaints. While this Court cannot predict how those motions will be decided, it is worth noting that a motion to dismiss based "on the sufficiency of the facts alleged to support the claims" is not "the type of motion" that "militate[s] in favor of a stay." Currency Conversion, 2002 WL 88278, at *2; Hachette Distrib., Inc. v. Hudson Cty. News Co., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) ("Discovery should be stayed, however, only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive . . . such as where a challenge is directed to the Court's jurisdiction."); 6-26 MOORE'S FEDERAL PRACTICE - CIVIL § 26.105 (2016).

This Court sees no reason why document discovery should not proceed during the pendency of the motions. The parties can begin by meeting and conferring to narrow the requests. The parties should focus on particular requests that may aid Plaintiffs in identifying third parties so that Plaintiffs can serve them with subpoenas to ensure that those non-parties understand their duty to preserve evidence that may be relevant to this action. This Court will supervise the discovery process. The parties are directed to comply with this Court's Individual Rule of Practice III(A)(iv) in presenting any discovery dispute.

Accordingly, Defendants' motion to stay is granted with regard to deposition discovery, but denied in all other respects.

Dated: March 27, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

2