April 10, 2017


**VIA CM/ECF**

Honorable William H. Pauley III
United States District Judge
United States District Court for the Southern
District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:**    *In re Topical Corticosteroid Antitrust Litigation*, **16-mc-7000 (Master Case Docket)**

Dear Judge Pauley:

The undersigned Defendants respectfully submit this letter in light of the orders issued last Thursday,
April 6, by the United States Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel")
transferring or conditionally transferring each of the cases consolidated in the above-captioned Master
Case Docket to the Eastern District of Pennsylvania for inclusion in *In re: Generic Pharmaceuticals
Pricing Antitrust Litigation*, MDL No. 2724, currently pending before Judge Rufe.  *See In re Generic
Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724, Dkt. Nos. 291, 292 (attached hereto as
Exhibit A and Exhibit B, respectively).  As a result of these orders, five of the cases that were previously
before Your Honor have been transferred to Judge Rufe,[1] and the fourteen remaining cases have been
conditionally transferred,[2] but remain before Your Honor for at least a period of seven days.  Given this

---

[1] *See FWK Holdings, LLC v. Fougera Pharmaceuticals, Inc. et al.*, No. 16-cv-09897; *FWK Holdings,
LLC v. Fougera Pharmaceuticals, Inc. et al.*, No. 16-cv-09898; *FWK Holdings, LLC v. Fougera
Pharmaceuticals, Inc. et al.*, No. 16-cv-09899; *Cesar Castillo, Inc. v. Fougera Pharmaceuticals, Inc., et
al.*, No. 16-cv-09956; *Cesar Castillo, Inc. v. Fougera Pharmaceuticals, Inc., et al.*, No. 16-cv-10063.

[2] *See Sergeants Benevolent Association Health & Welfare Fund v. Fougera Pharmaceuticals, Inc. et al.*,
No. 16-cv-07229; *United Food and Commercial Workers Unions and Employers Midwest Health
Benefits Fund v. Fougera Pharmaceuticals, Inc. et al.*, No. 16-cv-07979; *Sergeants Benevolent
Association Health & Welfare Fund v. Fougera Pharmaceuticals, Inc. et al.*, No. 16-cv-07987;
*Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Fougera Pharmaceuticals Inc. et al.*,
No. 16-cv-08374; *A.F. of L. − A.G.C Building Trades Welfare Plan v. Akorn, Inc. et al.*, No. 16-cv-
08469; *International Union of Operating Engineers Local 30 Benefits Fund v. Fougera
Pharmaceuticals, Inc. et al.*, No. 16-cv-08539; *Sergeants Benevolent Association Health & Welfare
Fund v. Taro Pharmaceuticals Industries, Ltd. et al.*, No. 16-cv-08911; *UFCW Local 1500 Welfare
Fund v. Akorn, Inc. et al.*, No. 16-cv-09392; *UFCW Local 1500 Welfare Fund v. Actavis Holdco U.S.,
Inc. et al.*, No. 16-cv-09431; *St. Paul Electrical Workers' Health Plan v. Fougera Pharmaceuticals, Inc.
et al.*, No. 16-cv-09530; *Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Teva*

Honorable William H. Pauley III
April 10, 2017
Page 2

unusual posture, and in light of the Panel's focus on coordinating and streamlining discovery across the MDL cases, Defendants respectfully request that this Court suspend the parties' current discovery obligations in the fourteen conditionally transferred cases pending finalization of transfer in order to allow Judge Rufe the opportunity to coordinate discovery across all cases as contemplated by the JPML.[3]  One deadline for discovery falls this week, on April 12, and Defendants respectfully ask the Court to address this issue prior to that date.[4]

On March 27, 2017, Your Honor granted in part and denied in part Defendants' prior motion to stay discovery in these cases pending forthcoming motions to dismiss.  Specifically, Your Honor ordered that document discovery should proceed despite the forthcoming motions, directed the parties to focus on requests that may aid Plaintiffs in identifying third parties, and set a briefing schedule for the motions to dismiss.  *See* Master Case Order No. 7, Dkt. No. 77 (the "March 27 Discovery Order").  That Order further provides that "[t]his Court will supervise the discovery process."  *Id.*  In compliance with the Court's March 27 Discovery Order, the parties promptly began to engage in discussions regarding document discovery, including with respect to timing, a protective order, and ESI protocol, though those discussions are still in their early stages and no discovery has been exchanged.  Earlier this week, the parties agreed that Defendants would provide written responses and objections to Plaintiffs' First Set of Requests for Production of Documents by April 12, 2017, to be followed by a meet and confer process.

As Your Honor is aware, at the time of the March 27 Discovery Order, a motion to transfer certain of the consolidated cases in this action (as well as many other matters involving different drugs) pursuant to 28 U.S.C. § 1407 was pending before the JPML.  On Thursday, April 6, the Panel ruled in favor of transfer. The Panel ordered that ten cases be transferred for inclusion in MDL No. 2724, including five of the cases that were previously before Your Honor.  *See* Exhibit A.  Those cases are now pending before

---

*Pharmaceuticals USA, Inc. et al.*, No. 16-cv-09659; *UFCW Local 1500 Welfare Fund v. Actavis Holdco U.S., Inc. et al.*, No. 16-cv-09792; *Cesar Castillo, Inc. v. Actavis Holdco U.S., Inc. et al.*, No. 17-cv-00250; *Philadelphia Federation of Teachers Health and Welfare Fund v. Fougera Pharmaceuticals Inc. et al.*, No. 17-cv-00964.

[3]  With respect to the transferred cases, the Manual for Complex Litigation states that once a transfer under section 1407 becomes effective, "the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction."  Manual for Complex Litigation, Fourth § 20.131 & n.650 (2004) (citing *In re Plumbing Fixture*, 298 F. Supp. 484, 496 (JPML 1968) ("[a]ll discovery processes in progress and discovery orders remain in effect unless vacated or modified by the transferee court")). Accordingly, Defendants have concurrently filed a motion to stay discovery with respect to the transferred cases that are now before Judge Rufe, and have also mailed a copy of this letter to Judge Rufe.

[4]  End Payor Plaintiffs have informed Defendants that they oppose this request; Defendants will inform the Court once Direct Purchaser Plaintiffs respond to Defendants with their position on this issue.

Honorable William H. Pauley III
April 10, 2017
Page 3

Judge Rufe.  The Panel simultaneously ordered that an additional 27 cases be conditionally transferred, encompassing the remaining fourteen corticosteroid cases before Your Honor.  *See* Exhibit B.  Until formally transferred, those cases remain before Your Honor and the March 27 Discovery Order still remains in effect.[5]

Given the current procedural labyrinth, with various corticosteroid cases pending in different courts, and the likelihood that the cases conditionally remaining in this Court will be included in the MDL shortly, Defendants respectfully request that the Court stay discovery in the cases that have been conditionally transferred.   Entry of a stay in this context is consistent with standard practice.  *See Royal Park Investments SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370, 374 (S.D.N.Y. 2013) (granting stay where JPML had transferred related cases and had conditionally transferred the cases at issue to the MDL court and noting that "where a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML"); *see also Noland v. Enter. Holdings, Inc.*, No. 10-2140-JWL, 2010 WL 2555122, at \*1 (D. Kan. June 22, 2010) ("When, as here, the MDL panel has already issued a conditional transfer order, the majority of courts have concluded that it is appropriate to stay the case pending a final decision by the MDL panel because the delay is typically brief and a stay would further the aim of judicial efficiency.").

Entry of a stay here is also consistent with the Panel's determination that transfer of these cases was appropriate to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation," including specifically by "eliminat[ing] duplicative discovery" and "conserv[ing] the resources of the parties, their counsel, and the judiciary."  Exhibit A at 3.  As the Panel explained, coordination of discovery "will be essential to avoiding duplication and inconvenience to the parties, witnesses, and the courts," and is also necessary because the allegations "stem from the same government investigation."  Exhibit A at 3.  The Panel specifically noted that pretrial schedules across the impacted cases had already begun to diverge and found that "[a]bsent transfer, there is a significant risk of inconsistent rulings regarding the scope of discovery and coordination with the pending criminal investigation."  *Id.*  In reaching that conclusion, the Panel rejected the argument that informal coordination and cooperation among the parties and courts could eliminate the potential for duplicative discovery and inconsistent rulings.  *Id.*

In fact, there are cases involving corticosteroids already pending before Judge Rufe in the Eastern District of Pennsylvania, and discovery has not yet commenced in those cases.  *See, e.g.*, *Rochester*

---

[5]  Pursuant to the JPML Rules, the pendency of a conditional transfer order pursuant to 28 U.S.C. § 1407 "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.  An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court."  JPML Rule 2.1(d).  Such transfer is automatically stayed for seven days and will be stayed for an additional period if any party files a notice of opposition within that seven-day period.  *See* Exhibit B at 1.

Honorable William H. Pauley III
April 10, 2017
Page 4


*Drug Co-Op. v. Actavis Holdco U.S., Inc., et al.*, No. 16-cv-6662 (E.D. Pa.); *Rochester Drug Co-Op. v. Fougera Pharmaceuticals, Inc., et al.*, No. 16-cv-6644 (E.D. Pa.); *Rochester Drug Co-Op. v. Taro Pharmaceuticals, Industries, Ltd., et al.*, No. 16-cv-6639 (E.D. Pa.). Absent a stay of discovery in the consolidated cases before Your Honor, there will not only be a lack of coordination across the MDL, but there will be *different corticosteroid cases* proceeding on different timelines according to rulings by different courts.

Finally, the possibility that there may be new consolidated amended complaints also militates in favor of a stay. In addition to the potential for pre-complaint discovery should the March 27 Discovery Order remain in place, this poses a risk of inefficiency at odds with the Panel's decision.

Accordingly, Defendants respectfully request that the Court, in its discretion, stay the parties' current discovery obligations pending a final decision on the Conditional Transfer Order.

Respectfully submitted on behalf of the undersigned:

ARNOLD & PORTER
KAYE SCHOLER LLP

By: /s/ Laura S. Shores
Laura S. Shores
901 Fifteenth Street, NW
Washington, DC 20005
Tel.: (202) 682-3577
Fax: (202) 682-3580
laura.shores@kayescholer.com

*Attorneys for Fougera Pharmaceuticals Inc. and Sandoz Inc.*

KIRKLAND & ELLIS LLP

By: /s/ Joseph Serino, Jr.
Joseph Serino, Jr.
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Fax: (212) 446-4900
jserino@kirkland.com

*Attorneys for Akorn, Inc. and Hi-Tech Pharmacal Co., Inc.*

KELLEY DRYE & WARREN LLP

By: /s/ Damon William Suden
Damon William Suden
101 Park Avenue
New York, NY 10178
Tel.: (212) 808-7771
Fax: (212) 808-7897
dsuden@kelleydrye.com

*Attorneys for Wockhardt USA LLC and Morton Grove Pharmaceuticals, Inc.*

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Scott A. Stempel
Scott A. Stempel
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel.: (202) 739-5211
Fax: (202) 739-3001
scott.stempel@morganlewis.com

*Attorneys for Perrigo New York, Inc.*

Honorable William H. Pauley III
April 10, 2017
Page 5


VENABLE LLP

By: /s/ Lisa Jose Fales
Lisa Jose Fales
600 Massachusetts Avenue, NW
Washington, DC 20014
Tel.: (202) 344-4000
Fax: (202) 344-8300
ljfales@venable.com

*Attorneys for Taro Pharmaceuticals U.S.A., Inc.
and Taro Pharmaceutical Industries Ltd.*


GOODWIN PROCTER LLP

By: /s/ Christopher T. Holding
Christopher T. Holding
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1679
Fax: (617) 523-1231
cholding@goodwinlaw.com

*Attorneys for Actavis Holdco U.S., Inc. and
Teva Pharmaceuticals USA, Inc.*


cc:     The Honorable Cynthia M. Rufe
        All counsel of record